# EXHIBIT B

DATE FILED
February 29, 2024 1:01 PM
FILING ID: 566754139CF1F
CASE NUMBER: 2024CV30637

## MASTER CUSTOMER AGREEMENT

This Master Customer Agreement ("**MCA**") is made effective as of (Month) (Day) , 20 (YR) ("**Effective Date**") between Zayo Group, LLC, a Delaware limited liability company, and its Affiliates (defined below), with an address of 1821 30th Street, Unit A, Boulder, CO 80301 (collectively "**Zayo**" and each Affiliate a "**Zayo Affiliate**") and (Insert Customer Name) ,a (Insert Country/State/Province/etc) (Insert corporation/limited liability company/partnership/etc.) with an address of (Insert Address) ("**Customer**"). Zayo and Customer each may be referred to herein as a "**Party**" and collectively as the "**Parties**". "**Affiliate**" shall mean any entity controlled by, controlling or under common control with the applicable Party.

### ARTICLE 1 - GENERAL

**1.1 Agreement Structure**. This MCA provides general terms and conditions under which Customer may from time to time purchase access to and utilization of selected portions of the Zayo fiber network and associated infrastructure ("**Access**") and certain related telecommunications and infrastructure services ("**Services**") from Zayo. Terms and conditions that apply to Access and to each type of Service are set forth in customer schedules (each a "**Customer Schedule**") and in the supplemental terms and conditions ("**Supplemental Terms and Conditions"**) attached to Customer Orders (defined below). This MCA, applicable Customer Schedules, applicable Supplemental Terms and Conditions, Customer Orders and any other attachments and/or addendums are hereby incorporated herein and shall collectively be referred to as the "**Agreement**". Customer acknowledges and accepts the applicable terms and conditions of the Agreement by signing the Agreement and/or by using Access or Services or allowing others to do so. Any part of the Agreement may be entered into and performed by any Zayo Affiliate, including a Zayo Affiliate authorized to provide Access or Services in any country or jurisdiction, and any independent contractor or other third party may perform any obligations of Zayo under the Agreement.

**1.2 Orders for Access and/or Services**. Customer may request that Zayo provide Access and/or Services by submitting a customer order in a form provided by Zayo ("**Customer Order**"). Customer is responsible for the accuracy of all information that it provides to Zayo. Each accepted Customer Order shall be subject to the Agreement. Customer Orders shall set forth the term, pricing, Access and Service type and location(s), monthly recurring charge ("**MRC**"), non-recurring charge ("**NRC**") and any additional terms applicable to the Access and/or Services. All Customer Orders shall be subject to availability and acceptance by Zayo.

**1.3 Term.** The term of each Customer Order shall commence on the Activation Date (as defined in the applicable Customer Schedule) for such Access and/or Service and continue for the period of time specified in that Customer Order, and thereafter shall automatically renew for one (1) year periods (collectively, the "**Order Term**") until terminated by either Party upon at least ninety (90) days written notice prior to the end of the Order Term. Customer shall continue to be responsible for payment to Zayo for the Access and Services to be terminated through the end of the ninety (90) day notice period. Following the initial Order Term, Zayo reserves the right to increase rates for any Access and Services provided thereunder upon at least thirty (30) days' notice. The term of the Agreement is coterminous with the longest Order Term thereunder.

**1.4 Order of Precedence**. In the event of an express conflict between terms in the Agreement, precedence will be given, as applicable, in the following order: (a) the Customer Order, (b) the Supplemental Terms and Conditions, (c) the Customer Schedule and (d) the MCA.

### ARTICLE 2 - PAYMENT TERMS

**2.1 Credit Approval/Deposits**. Zayo may require a deposit as a condition to accepting a Customer Order or if Customer fails to timely pay its invoices. Zayo shall refund any deposit, less any amount Customer owes to Zayo, when Access or Services are discontinued or when Zayo determines that such deposit is no longer required.

**2.2 Invoicing and Payment Terms**. Zayo may commence billing and Customer shall be liable for payment upon the Activation Date. Zayo will provide Customer with a monthly itemized invoice for the Access and Services together with all other charges due. Customer shall pay to Zayo all amounts due in full, without offset or reduction, within thirty (30) days from the date of the invoice ("**Due Date**"). Invoice amounts not paid on or before the Due Date shall bear interest at the rate of one and one-half percent (1.5%) per month or the highest lawful rate, whichever is lower. Unless otherwise stated in the Agreement, Zayo shall invoice Customer for any NRC upon acceptance of a Customer Order.

**2.3 Invoice Disputes**. Customer is responsible for all charges respecting the Access and Services, even if incurred as the result of unauthorized use. If Customer reasonably disputes any portion of an invoice, Customer shall timely pay all undisputed amounts and shall notify Zayo in writing and provide detailed documentation supporting its dispute within thirty (30) days of the invoice date or Customer's right to any billing adjustment shall be waived. If the

dispute is resolved against Customer, Customer shall pay such amounts due plus interest, as set forth in Section 2.2 above, from the date the payment was originally due.

**2.4 Taxes and Other Fees and Surcharges.** Excluding taxes based on Zayo's net income, Customer shall be responsible for all Taxes (defined below) and Other Fees and Surcharges (defined below) arising in any jurisdiction imposed on or incident to the provision, sale or use of Access or Services, including but not limited to value added, consumption, sales, use, gross receipts, foreign withholding (which will be grossed up), excise, access and bypass (collectively "**Taxes**") and any property, franchise, rights of way, license or permit, regulatory or other taxes, duties, fees, charges or surcharges (collectively "**Other Fees and Surcharges**"), imposed on Zayo, Customer or a Customer's end user ("**End User(s)**"). Charges for Access and Services are exclusive of any Taxes and Other Fees and Surcharges. Taxes and Other Fees and Surcharges may be recovered through imposition of a percentage surcharge on the charges for Access and Services to Customer. Customer may present Zayo with a valid exemption certificate (in a form reasonably acceptable to Zayo) eliminating Zayo's liability to pay certain Taxes and Other Fees and Surcharges; Zayo will give effect thereto prospectively.

## ARTICLE 3 - DEFAULT

If Customer fails to make any payment due under the Agreement and such failure continues for five (5) days after receiving notice thereof, or if a Party fails to cure any material breach of any term of the Agreement within thirty (30) days of receiving notice of the breach from the other Party, then the non-breaching Party may: (a) terminate the Agreement in whole or in part and (b) subject to the liability limitations stated herein, pursue any available remedies at law or in equity.

## ARTICLE 4 - LIABILITIES

**4.1 General Limitations**. To the extent allowed by law, Zayo shall enjoy any statutory protections granted to utility and infrastructure providers and shall not be liable for injury to or death of any person and for damage to or loss of any property arising out of or attributable to its operations and performance under the Agreement. Customer's sole and exclusive remedy for any non-performance, defect or failure to deliver the Access or Service are the performance credits and/or other remedies expressly stated in the relevant Customer Schedule. Zayo's total liability for any and all causes and claims whether based in contract, warranty, tort or otherwise shall be limited to the lesser of (a) the actual direct damages sustained by Customer in connection with the affected Customer Order and affected Access or Service, or (b) an amount equivalent to the total MRC payable by Customer over the preceding three (3) months for the Access or Service affected or if the claim arises prior to the Activation Date, an amount equivalent to the total MRC payable by Customer for the first three (3) months of the Order Term.

**4.2 Special Damages**. EXCEPT AS EXPRESSLY SET FORTH IN SECTION 4.5 OF THIS MCA, NEITHER PARTY SHALL BE LIABLE TO THE OTHER PARTY FOR ANY DAMAGES FOR LOST PROFITS, LOST REVENUES, LOSS OF GOODWILL, LOSS OF DATA, ANTICIPATED SAVINGS OR COST OF PURCHASING REPLACEMENT SERVICES, OR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, EXEMPLARY OR PUNITIVE DAMAGES ARISING OUT OF THE PERFORMANCE OR FAILURE TO PERFORM UNDER THIS MCA OR ANY CUSTOMER ORDER.

**4.3 No Warranty**. EXCEPT AS EXPRESSLY SET FORTH IN THE AGREEMENT, ZAYO MAKES NO WARRANTIES OR REPRESENTATIONS, EXPRESS OR IMPLIED, EITHER IN FACT OR BY OPERATION OF LAW, STATUTORY OR OTHERWISE, INCLUDING WARRANTIES OF DESCRIPTION, QUALITY, COMPLETENESS, MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OR USE OF THE ACCESS OR SERVICES HEREUNDER OR ANY OTHER MATTER AND ANY SUCH WARRANTIES ARE HEREBY EXCLUDED AND DISCLAIMED.

**4.4 No Liability for Certain Actions**. Zayo exercises no control over and is not responsible for the content of any information transmitted or received through the use of the Access or the Services. Other than as expressly stated in the Agreement, Customer shall be solely responsible for all of the security and confidentiality of information it transmits using the Access or Service. Customer shall be solely responsible for all customer support, pricing and service plans, billing and collections with respect to its End Users, including obtaining all necessary legal or regulatory approvals to provide or terminate the provision of the access, product or service to its End Users. Use of the Access and Services is at Customer's own risk.

**4.5 Indemnification.** Each Party (an "**Indemnifying Party**") shall indemnify, defend and hold harmless the other Party, its directors, officers, employees, agents, contractors, successors and assigns ("**Indemnified Party**") harmless from and against all losses, damages, costs, expenses and liabilities (including reasonable attorney's fees and expenses) incurred by such Indemnified Party arising from any third party claims relating to any physical damage to

tangible property, or personal injury or death, caused by the gross negligence or willful misconduct of the Indemnifying Party, provided, however, that Zayo is not obligated to indemnify Customer, and Customer shall defend and indemnify Zayo as an Indemnified Party, for any claims or actions commenced by any third party, including End Users, arising from or in connection with goods or services provided by Customer that incorporate any of the Access or Services, including without limitation claims relating to or arising from Access or Service degradation or outage.

**ARTICLE 5 – MISCELLANEOUS PROVISIONS**

**5.1 Confidentiality.** Information or documentation exchanged between the Parties in performing this Agreement, including the terms of this Agreement, are subject to the terms of any non-disclosure agreement in effect between the Parties, and if none, the Parties agree to keep any such information which is of a confidential nature confidential and not disclose such information to third parties (other than to vendors and Affiliates).

**5.2 Force Majeure.** Neither Party shall be liable, nor shall any credit allowance or other remedy be extended, for any failure or hindrance of performance hereunder due to causes beyond its reasonable control. The Party claiming relief under this Section shall notify the other Party of the occurrence or existence of the event and of the termination of such event.

**5.3 Subject to Laws**. Each Party is responsible for complying with applicable laws and regulations, including but not limited to applicable: (a) federal, state and local laws; (b) regulations, rulings and orders of government agencies; (c) data protection legislation; (d) laws, statutes, regulations and codes relating to anti-bribery and anti-corruption; and (e) import, export and economic sanction laws and regulations. Neither Party shall use the Access or Services for any unlawful purposes.

**5.4 Governing Law; Venue**. The Agreement shall be governed by and construed in accordance with the laws of Colorado, without giving effect to any conflict of law principles. Venue for any dispute arising under the Agreement shall be Denver, Colorado. The United Nations Convention on Contracts for the International Sale of Goods does not apply.

**5.5 Prevailing Party**. If suit is brought or an attorney is retained by either party to enforce the terms of the Agreement or to collect any money as due hereunder or to collect any money damages for breach hereof, the prevailing party shall be entitled to recover its reasonable attorneys' fees and related expenses incurred in connection therewith.

**5.6 Assignment**. Customer shall not transfer or assign, voluntarily or by operation of law or otherwise, its obligations under the Agreement without the prior written consent of Zayo. Zayo may assign in whole or in part the Agreement or any of its rights and obligations hereunder to any Zayo Affiliate without prior notice to Customer. The Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

**5.7 Notices**. Notices under this MCA shall be in writing and delivered by certified mail, return receipt requested, or by a nationally recognized courier to the persons whose names and business addresses appear below, and such notice shall be effective on the date of receipt, or refusal of delivery, by the receiving Party. **In addition to the foregoing notice requirement, if Customer is disconnecting Access or discontinuing Service(s) of any type for any reason, Customer must submit the disconnection request through the form located at https://www.zayo.com/disconnectservice/**

| **If to Zayo:** | **If to Customer:** |
|---|---|
| **Zayo Group, LLC** | **[INSERT]** |
| Attn: General Counsel, Legal | Attn: (Insert Name) |
| 1821 30th Street, Unit | (Address) |
| Boulder, CO 80301 | City, St, Zip |
| | |
| **Billing Disputes:** | (if this "Customer" section is left blank, notice shall be deemed effective if delivered to Customer's registered office address or the last Customer address provided to Zayo by Customer) |
| **Zayo Group, LLC** | |
| Attn: Accounts Receivable | |
| 1821 30th Street, Unit A | |
| Boulder, CO 80301 | |
| customerservice@zayo.com | |

**5.8 No Third Party Beneficiaries**. The representations, warranties, covenants and agreements of the Parties set forth herein are not intended for, nor shall they be for the benefit of or enforceable by, any third party or person not a Party hereto, including without limitation, End Users.

**5.9 Entire Agreement; Amendment**. The Agreement constitutes the entire and final agreement and understanding between the Parties, expressed or implied, with respect to the Access and Services and supersedes all other prior or contemporaneous representations, understandings or agreements. No alteration or variation of the terms of any provision shall be valid unless made in writing and signed by the Parties. If any provision of the Agreement shall be held to be invalid or unenforceable, the remaining provisions of the Agreement shall be unimpaired and shall remain in effect and be binding upon the Parties. No course of dealing and no failure to exercise any right hereunder shall be construed as a waiver of any provision hereof.

**5.10 Relationship and Counterparts**. The Agreement does not create a partnership, joint venture or agency relationship between the Parties. Neither Party shall have any authority to bind the other Party to any agreement, understanding or other instrument, in any manner whatsoever. The Agreement may be executed in one or more counterparts, all of which taken together shall constitute one instrument. The Agreement may be executed via a recognized electronic signature service (e.g., Docusign) and/or may be delivered by facsimile transmission and/or signed, scanned and emailed to Zayo, and any such signatures shall be treated as original signatures.

| **ZAYO GROUP, LLC** | **[CUSTOMER NAME**] |
|---|---|
| Signature: ______________________ | Signature: ______________________ |
| Name: ______________________ | Name: ______________________ |
| Title: ______________________ | Title: ______________________ |